## HERTZKA v. VON ROSEN.

### No. 8857.

Court of Civil Appeals of Texas. San Antonio.

June 8, 1932.

Rehearing Denied July 13, 1932.

W. T. Carlton and Jno. C. Myrick, both of Harlingen, for appellant.

Greenwood & Lewis, of Harlingen, for appellee.

COBBS, J.

Appellant's statement of the nature and result of the suit is practically agreed to, and we will copy from his brief as follows:

"This suit was brought by appellee, A. L. Von Rosen, in District Court, Cameron County, Texas, 103 Judicial District, against appellant, M. B. Hertzka and D. B. Meadows, jointly to recover 5% commission on the exchange of 46 acres of land near Nashville, Tennessee, belonging to appellant and 55 acres of land near Harlingen, Texas, belonging to Dr. A. J. Pollard, but was held in the name of D. B. Meadows to secure him in a debt owing Meadows by Dr. Pollard.

"Appellee, A. L. Von Rosen, alleged in the first paragraph of his petition; that he had a prospect in the person of M. B. Hertzka coming to the Valley who wanted to exchange certain properties in and near Nashville, Tennessee for property in and near Harlingen, Texas. That he and D. B. Meadows entered into a contract by the terms of which he was to turn appellant over to Meadows, and if Meadows brought about a sale; if he sold his own land, Meadows would pay him 5% commission but if he sold some one else's land Meadows would pay 2½% commission.

"In second paragraph of plaintiff's petition: that plaintiff got acquainted with Hertzka (Appellant) through one R. E. Dunn, and made a contract with appellant in which he would attempt to trade appellant's properties in and near Nashville, Tennessee, and was to receive 5% commission for exchange of certain properties.

"In third paragraph of said petition he alleges that he informed both Meadows and Hertzka that he would expect a commission from both sides and that he represented both sides.

"In third paragraph of said petition he alleges that he brought Meadows and Hertzka together and they agreed on contract of exchange by which Hertzka exchanged 46 acres of land in Tennessee for 55 acres in Cameron County, Texas; alleging the value of each to be $55,000.00. That he was the procuring cause of the exchange being made and prays for judgment jointly against each for the sum of $2750.00.

"In the alternative he sues on quantum meruit and relies on allegations above set out and prays for joint judgment against each defendant. Appellant presents his plea in abatement setting up misjoinder of parties defendant which was overruled by the court to which appellant excepted. After answers were filed by each defendant answering separately, D. B. Meadows answering by general denial and specially saying the 55 acres near Harlingen was not his land but that it belonged to Dr. A. J. Pollard and the deed held by him was only a mortgage to secure a debt owing to him by Pollard.

"M. B. Hertzka, appellant, by plea in abatement alleging mis-joinder of parties, defendants and by general exception, special exceptions and general denial. Appellee filed what he termed a supplemental petition in which he plead estoppel as to D. B. Meadows and further avers that appellant agreed to pay him the usual and customary commission on any property owned by him in the state of Tennessee.

"Before announcing for trial appellant presented to the court his plea in abatement which was overruled by the court, to which appellant excepted. Whereupon appellant presented his special exceptions to plaintiff's petition, to which appellee excepted."

The case was submitted by the court to the jury upon several special issues, and each was answered by the jury in favor of appellee. The main fight in this case grew out of appellant's contention that there was

a misjoinder of parties and causes. There was no misjoinder of parties; it was proper to join appellant Hertzka and defendant Meadows in the suit. Where three parties are the joint owners of a claim for commission, two of the joint owners may, for a valuable consideration, sell their interest to the other owner and he may prosecute the suit alone. In this case A. L. Von Rosen, having purchased the interest of R. E. Dunn and Miss Spingle, had the right to prosecute this suit in his own name.

Von Rosen stated that appellant agreed to pay him a 5 per cent. commission for the exchange of property, for procuring him a purchaser, and that the exchange was actually made; that he was the procuring cause of the exchange; and that appellant accepted his services.

Von Rosen did agree to split a commission with another broker for assisting him and appellant agreed to pay a 5 per cent. commission, but the fact that the other broker entered into a conspiracy to defeat Von Rosen out of his commission did not in any manner relieve appellant from paying a commission. Von Rosen, having actually made the exchange and earned a commission, could not be discharge by appellant solely for the purpose of defeating the broker's commission as was done in this case. A contract for exchange of the property was signed by appellant Hertzka, and the attempt to cancel it and making the same contract on the same day to sell the same property is so fraudulent that the courts cannot recognize the same.

As all the facts and things in controversy grew out of the same transaction, it was not a misjoinder to join in this suit the appellant Hertzka and the defendant Meadows, but the same was proper. The pleadings and evidence show one transaction so intermingled as to be impossible of separation. The evidence shows that each party is not only a proper but necessary party; it would have been impossible to have tried the case without a joinder of the parties. Judge Simkins in his work on Equity, on page 78, says: "The rule that a multiplicity of suits be prevented where it may be done in a single suit is declared to be a cardinal principle of our Texas system." Hall v. Hall, 11 Tex. 526. Judge Townes, in his Second Edition on Texas Pleadings, page 212, says that in Texas procedure, the law abhors a multiplicity of suits, and he strongly urges all suits of this character to be joined.

There was no damage or harm in this suit to appellant because R. E. Dunn and Miss Spingle were not parties, because each of them transferred their cause of action and assigned the same to Von Rosen. Mr. Von Rosen had a contract with appellant for the exchange of property, and appellant agreed to pay 5 per cent. commission. Von Rosen carried out the contract and earned the commission, and the facts show that Meadows entered into a conspiracy with appellant to deprive Von Rosen of his commission. Mr. Meadows was a party to this suit and has not appealed from the judgment; he paid his part off and therefore is bound by this judgment.

Appellee says: "What would be a correct proposition of law under one state of facts would not be correct under a different state of facts. We find in this case that the court charged the following: 'You are further instructed that a broker cannot be deprived of his commission by the cancellation by its principal to which he was not a party and to which he had not consented.' Now, to properly understand this charge, we have to look at the facts. We find that all parties agreed that on December 24th that Mr. Von Rosen would be entitled to a commission and we find that in order to defeat his just claim, they set a trap for him. They say that they will cancel his contract and then they will sell the land. How long did it take them? On the morning of December 24th the contract was binding. They acknowledged this, and lo and behold, before the sun was set, they cancelled the contract and made a new contract in which the same property was exchanged and purchased. No wonder the court said, under this state of facts, that the broker was entitled to his commission, unless he consented to the cancellation. This is a different kind of transaction than one where the broker had tried to make a sale and failed. Then, of course, the owner of the land could cancel the contract, but where the canceling of the contract was for the express purpose of defeating the broker, this very charge is proper. The wording of this charge is approved by Ruling Case Law, for it was from this eminent authority that the Trial Judge prepared his charge."

We have carefully read the briefs of both parties, and finding no errors committed that should cause a reversal of the judgment, the same is affirmed.

SMITH, J., concurs in the result.